NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2567
_____

EDWIN MUTH,
              Appellant

v.

LSI CORPORATION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 5-09-cv-01689
District Judge: The Honorable Juan R. Sánchez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 24, 2011

Before: FUENTES, SMITH, and GREENBERG, *Circuit Judges*

(Filed: April 4, 2011 )

_____

OPINION
_____

SMITH, *Circuit Judge.*

On October 24, 2007, defendant-appellee LSI Corporation discharged plaintiff-appellant Edwin Muth after nearly thirty years of employment. This termination was the product of LSI's decision to sell the division of its business in which Muth worked (the Mobile Products Group, or MPG) to Infineon Technologies North America. All MPG employees became Infineon employees the day after the sale closed, so Muth was never left without a job. He did, however, miss out on the full benefits of his ERISA retirement plan, for which he would have become eligible had he remained an LSI employee for one month more. Muth attempted to gain concessions from LSI, proposing a plan under which he would have stayed on its payroll for a few weeks in order to reach his milestone 49th birthday. His employer was unmoved. The sale went through and Muth lost his job for a few hours—and, with it, his yet-to-be realized pension benefits.

Muth sued, alleging that LSI had violated ERISA § 510, 29 U.S.C. § 1140, by intentionally preventing him from obtaining retirement benefits. The District Court had jurisdiction under 28 U.S.C. § 1331 and granted summary judgment for LSI on the basis that Muth had not proffered evidence showing that LSI had terminated his employment for the purpose of interfering with the attainment of his entitlement to ERISA benefits. The court further opined that even if Muth had proved his prima facie case, LSI had come forward with a legitimate, non-

2

interfering purpose for its action (viz., the transfer of MPG's employees to Infineon was essential to the sale agreement), and Muth had not shown that this purpose was a pretext invented to cover up an illicit employment decision.

We have jurisdiction to review this final judgment, 28 U.S.C. § 1291, and we consider de novo the question whether summary judgment is appropriate. *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). That question is to be answered in the affirmative if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), including where a party who bears the burden of proof on an essential element of his case fails to make a showing sufficient to establish that element's existence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Applying this standard to the record before us, we must conclude that the District Court was correct. We will therefore affirm its judgment.

The prima facie case for Muth's § 510 claim requires that he produce evidence showing three elements: "(1) the employer committed prohibited conduct (2) that was taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Jakimas v. Hoffmann-LaRoche, Inc.*, 485 F.3d 770, 785 (3d Cir. 2007) (citations and internal quotation marks omitted). The District Court rightly determined that although elements (1) and (3) have been fulfilled, there is no evidence that all or part of the purpose of LSI's

3

discharge of Muth, or the timing thereof, was interference with his receipt of ERISA benefits.

The District Court furthermore correctly held that even if there had been a prima facie showing of illegal purpose, there was ample undisputed evidence that Muth "was terminated because he was part of the business group transitioning to Infineon, and not for any other reason." Muth Br. 24. Muth himself goes so far as to call that conclusion "obvious." *Id.* So it was up to Muth to come up with evidence that this purpose was pretext, but there is none of that either. (The "not for any other reason" clause of the above quotation from Muth's brief would appear to foreclose any argument to the contrary.)

For all the record shows, the only reason LSI discharged Muth was the consummation of its deal with Infineon. LSI might have been able to honor Muth's request to hold off on releasing him until he had met his age requirement, and its failure to do so reflects an unfortunate degree of corporate callousness towards a loyal employee of thirty years. But ERISA does not outlaw cold-heartedness except insofar as it prohibits employment actions motivated by intent to discriminate or interfere with the collection of plan benefits, and there is no evidence of such motivation here. We will therefore affirm the judgment of the District Court.

4